1
2
3
4

Todd C. Atkins (CASB 208879)
*tatkins@atkinsdavidson.com*
ATKINS & DAVIDSON, APC
701 B Street, Suite 1170
San Diego, CA 92101
Telephone: (619) 255-2380
Facsimile: (619) 231-4984

5
6

Attorneys for Plaintiff
EVERGREEN RESEARCH AND MARKETING, LLC

7

## IN THE UNITED STATES DISTRICT COURT

8

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10
11
12
13
14
15
16
17
18
19

| EVERGREEN RESEARCH AND MARKETING, LLC, | Case No.: **'13 CV 0156 WQH MDD** |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 AND 1125(a);** |
| CABOKI, INC., CABOKI, LLC AND DOES 1 - 20, | **(2) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a); AND** |
| Defendant. | **(3) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500, *ET SEQ.*;** |
| | **DEMAND FOR JURY TRIAL** |

20

Plaintiff EVERGREEN RESEARCH AND MARKETING, LLC complains and alleges

21

against Defendant CABOKI, INC., CABOKI, LLC and DOES 1 – 20 as follows:

22

23

## PARTIES

24

1.      Plaintiff EVERGREEN RESEARCH AND MARKETING, LLC ("Plaintiff") is a

25

limited liability company organized under the laws of the State of California with its principal

26

place of business at 2261 Rutherford Road, Carlsbad, California, 92008.

27
28

2. Defendant CABOKI, INC. ("Defendant") is a corporation of unknown origin with its principal place of business at 4222 Fortuna Center Plaza, #806, Dumfries, Virginia, 22025.

3. Defendant CABOKI, LLC ("Defendant") is a limited liability company of unknown origin with its principal place of business at 4222 Fortuna Center Plaza, #806, Dumfries, Virginia, 22025.  On information and belief, Defendants CABOKI, INC. and CABOKI, LLC operate as essentially the same company with the same principals and will be collectively referred to throughout this Complaint as "Defendant."

4. The true names and capacities of defendants sued herein under California Code of Civil Procedure section 474 as DOES 1 through 20, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint and include these DOE defendants' true names and capacities when they are ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the damages suffered by Plaintiff.

**JURISDICTION AND VENUE**

5. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the common law of the State of California.  This Court has subject matter jurisdiction over the federal trademark, false advertising and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.  This Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6. The amount in controversy between the parties exceeds $75,000.

7. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because it has extensive contacts with, and conducts

business within, the State of California and this judicial district; Defendant has caused its products to be advertised, promoted and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because Defendant has extensive contacts with, and conducts business within, the State of California and this judicial district; Defendant has caused its products to be advertised, promoted and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

## FACTUAL BACKGROUND

9.      Plaintiff is engaged in the business of creating, designing and marketing for sale personal use products that are environmentally safe and provide a high degree of customer satisfaction.

10.     Since at least as early as November 17, 2011, Plaintiff has continuously used the distinctive trademark MIRACLE HAIR® to market and sell its product of the same name. Miracle Hair is a professional quality cutting edge solution for men and women suffering from hair loss. The product is made from cotton fibers that bind to existing hair, giving you the appearance of a full head of hair in just 60 seconds. The cotton fibers used in Miracle Hair contain a natural static charge that helps them to bind to and build upon the existing hair. Miracle Hair gives the user dramatic coverage and volume for thinning areas and color coverage for root re-growth. When applied to the hair, the fibers are virtually undetectable. . Miracle Hair produces

a natural end result without the use of harsh chemicals that can damage hair.  Miracle Hair will not stain clothing or skin and is weather and perspiration resistant.

11.     Plaintiff has devoted substantial time, effort and resources to the development and extensive promotion of the MIRACLE HAIR® mark including, but not limited to, paid television advertising.  As a result of Plaintiff's efforts, the public has come to recognize and rely upon the MIRACLE HAIR® mark as an indication of the high quality associated with the product sold by Plaintiff under the same name.

12.     On September 4, 2012, the United States Patent & Trademark Office ("PTO") issued to Plaintiff, U.S. Trademark Registration No. 4,203,553 for the mark MIRACLE HAIR.  A true and correct copy of this registration is attached as Exhibit A.

13.     The MIRACLE HAIR registration is in full force and effect on the PTO's Principal Register, and gives rise to presumptions in favor of Plaintiff with respect to validity, ownership and exclusive rights to use the MIRACLE HAIR mark throughout the United States.

14.     Defendant offers a virtually identical product to Miracle Hair called Caboki.  As represented by Defendant, Caboki instantly eliminates bald spots or appearance of thinning hair; gives the user a perfectly natural look that is undetectable; will last all day, all night, through wind, rain and sweat; will not smear or stain the user's skin or clothing; is made of natural fibers from plants; bonds to hair more securely; and is free of animal ingredients, synthetic dyes, fillers and preservatives.

15.     In order to increase sales of Caboki, Defendant engages in a number of activities that infringe on Plaintiff's MIRACLE HAIR® trademark and constitutes false advertising and unfair competition.  For example, Defendant has purchased and used, without authorization, Plaintiff's MIRACLE HAIR® trademark as a "keyword" in several Internet keyword advertising

programs, including, but not limited to, Google and Youtube.  As a result, when a consumer types in "Miracle Hair" as a search term on the Google or Youtube search fields, the consumer is confronted with a list of advertisements from Defendant that directly offer Defendant's product and offers information on Defendant's product.  A true and correct copy of Google search results for the term "Miracle Hair" on September 17, 2012 and September 26, 2012 are attached as Exhibit B.  A true and correct copy of Youtube search results for the term "Miracle Hair" on January 8, 2013 and January 17, 2013 are attached as Exhibit C.

16.     Defendant also routinely uses Plaintiff's MIRACLE HAIR® trademark in the header and/or text of the resulting sponsored links that appear when a consumer types "Miracle Hair" as a search term in an Internet search engine or on an advertising site such as Youtube or Ebay.

17.     Defendant has also stated in its Internet advertising that the product is "as seen on TV."  On information and belief, Defendant has not actually advertised its product on television.  In contrast, Plaintiff has spent significant resources advertising Miracle Hair on television.  Defendant is attempting to use Plaintiff's television advertising to deceive customers into believing that they had seen Defendant's product on television and to confuse consumers into buying Defendant's product when they are attempting to buy Plaintiff's product.  Defendant has linked sponsored advertising under the titled "as seen on TV" to Plaintiff's product and the keywords "miracle hair" on Google, Youtube and Ebay.

18.     Defendant's unauthorized use of Plaintiff's MIRACLE HAIR® mark, as keywords and in the header and/or text of the resulting sponsored links, and by falsely stating the product is "as seen on TV," is likely to confuse, mislead and deceive consumers as to the source of products available through Defendant's website.

1   19.   On information and belief, Defendant knows or should know that it is engaging in

2   all of the activities alleged in this Complaint and that those activities serve to confuse and lure

3   potential customers of Plaintiff to Defendant.

4   20.   Actual confusion has resulted as evidenced by several consumers contacting

5   Plaintiff to ask if the Caboki product that is "as seen on TV" is the same product as Miracle

6   Hair.  Plaintiff has not consented to, sponsored, endorsed or approved of Defendant's use of the

7   MIRACLE HAIR® trademark in connection with the manufacture, marketing or sale of any

8   products or services.

9   21.   On information and belief, Defendant's actions are willful and reflect the intent to

10  confuse consumers and profit from the goodwill and consumer recognition associated with

11  Plaintiff's mark.

12  22.   Defendant's Caboki product is marketed and sold and offered through the same

13  channels of distribution and to the same target customers as Plaintiff's product.

14  23.   Plaintiff sent demand letters to Defendant on or about September 18, 2012 and

15  September 26, 2012 demanding that Defendant cease and desist use of Plaintiff's mark and

16  falsely advertising Defendant's product.

17  24.   As of the date of this Complaint, Defendant continues to use the MIRACLE

18  HAIR® trademark, without authorization.  Defendant's failure to comply with Plaintiff's

19  demands demonstrates a deliberate intent to continue wrongfully competing with Plaintiff and to

20  willfully infringe Plaintiff's rights in the MIRACLE HAIR® trademark.

/ / / /

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 AND 1125(a)**

25.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

26.     The actions of Defendant described above and specifically, without limitation, their unauthorized use of the MIRACLE HAIR® trademark in commerce to advertise, promote, market and sell Caboki throughout the United States including California, constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

27.     The actions of Defendant, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the MIRACLE HAIR® mark and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

28.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of Caboki, and the costs of this action.  Furthermore, Defendant is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

/ / / /

COMPLAINT FOR FALSE OR MISLEADING ADVERTISING, UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, ETC.

-7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. §1125(a)

29.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30.   Defendant's actions described above and specifically, without limitation, Defendant's use of the MIRACLE HAIR® trademark in commerce to advertise, market and sell Caboki throughout the United States including California; Defendant's unauthorized use of Plaintiff's MIRACLE HAIR® mark, as keywords and in the header and/or text of the resulting sponsored links, and Defendant's false statement that their product is "as seen on TV," constitutes unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

31.   Consumers are likely to be misled and deceived by Defendant's misrepresentations regarding its products.

32.   Defendant knew or should have known that its statements and use of Miracle Hair keywords were false or likely to mislead.

33.   As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation and goodwill.

34.   Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendant's Lanham Act violations, an accounting for profits made by Defendant on sales of Caboki, as well as recovery of costs of this action.  Furthermore, Defendant is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of

causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

## STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200 AND 17500 *ET SEQ.*

35.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.    Defendant's actions described above and specifically, without limitation, Defendant's use of the MIRACLE HAIR® trademark in commerce to advertise, market and sell Caboki throughout the United States including California; Defendant's unauthorized use of Plaintiff's MIRACLE HAIR® mark, as keywords and in the header and/or text of the resulting sponsored links, and Defendant's false statement that their product is "as seen on TV," constitutes trademark infringement, unfair competition and false advertising in violation of the laws of the State of California.

37.    By these actions, Defendant has engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq.*, and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill.

38.    As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

## DEMAND FOR JURY

39.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

(a) That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq.* and California Business and Professions Code §§ 17200 and 17500 *et seq.* that Defendant and all of its officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

    1. using the MIRACLE HAIR® mark, or any mark confusingly similar to the MIRACLE HAIR mark, in connection with the marketing, promotion, advertising, sale or distribution of any hair building product;

    2. directly or indirectly engaging in false advertising or promotions of Caboki or other similar products; and

    3. making or inducing others to make any false, misleading or deceptive statement of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of Caboki or other similar products;

(b) That Defendant file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

(c) That Defendant be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics or qualities of either Plaintiff's

MIRACLE HAIR® product or Defendant's Caboki product, including without limitation:

1. the sending of a registered letter (with a copy to Plaintiff) to all internet search engines, including but not limited to, Google and Yahoo!, and any internet advertising sites, including but not limited to, Youtube, requesting that Defendant's keyword advertising and sponsored advertisements be removed from their sites; and

2. the placement of corrective advertising on Defendant's websites informing consumers of their prior misrepresentations regarding Defendant's product;

(d) That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or representations of fact that misrepresent Defendant's product;

(e) That Defendant be adjudged to be unlawfully and unfairly competing against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

(f) That Defendant be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.

(g) That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendant's false and misleading statements;

(h) That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

(i) That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorney's fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional and deliberate acts in violation of the Lanham Act;

(j) That Plaintiff be awarded damages in an amount sufficient to compensate it for damage caused by Defendant's unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500 *et seq.*;

(k) That Plaintiff be granted prejudgment and post judgment interest;

(l) That Plaintiff be granted costs associated with the prosecution of this action; and

(m)That Plaintiff be granted such further relief as the Court deems equitable and just.

Dated: January 18, 2013                     ATKINS & DAVIDSON, APC


                                            By:_____s/ Todd Atkins_____
                                            Todd C. Atkins
                                            Attorneys for Plaintiff
                                            EVERGREEN RESEARCH AND MARKETING,
                                            LLC